J. S20018/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                     :          PENNSYLVANIA
            v.           :
                     :
ROBERT RUDOI,           :         No. 738 EDA 2016
                     :
         Appellant    :

Appeal from the PCRA Order, March 4, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007126-2013

BEFORE:  BOWES, J., OTT, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 12, 2017**

Robert Rudoi appeals from the March 4, 2016 order entered in the Court of Common Pleas of Philadelphia County that denied his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

The trial court set forth the following:

> On or about May 10, 2013, Appellant [] was arrested and charged with several violations of the Pennsylvania Criminal Code; specifically, Aggravated Assault – per [18 Pa.C.S.A. §] 2702(A); Simple Assault – per section 2701(A) and Reckless

---

[1] In his notice of appeal, appellant appeals from the March 20, 2014 judgment of sentence and the March 4, 2016 order denying his PCRA petition.  As set forth in this memorandum, appellant abandoned his direct-appeal claims and advanced one claim of ineffective assistance of counsel under the PCRA.  We, therefore, directed the prothonotary to amend the caption of this appeal to reflect that appellant is appealing from the March 4, 2016 PCRA order.

Endangerment – per section 2705. On January 10, 2014, a bench trial was held before this Court. At said time, Appellant was represented by John Konchak, Esquire, Assistant Public Defender ("Trial Counsel") and the Commonwealth was represented by Tracie Gaydos, Esquire, Assistant District Attorney ("Gaydos"). At the conclusion of this trial, this Court found Appellant guilty [of], *inter alia*, Aggravated Assault. On March 20, 2014, Appellant was sentenced to eighteen (18) to thirty-six (36) months of incarceration plus ten (10) years' probation, the first two (2) years reporting. Appellant, due to the nature of the crime was not RRRI eligible. This Court additionally ordered Appellant to pay twenty-one thousand one hundred and six dollars and six cents ($21,106.06) in restitution.

On September 19, 2014, and during Appellant's period of incarceration related to this Court's sentence, Appellant was interviewed by Immigration and Customs Enforcement agents ("ICE"). On said date, Appellant was issued a Notice to Appear or charging document alleging that he was convicted of an aggravated felony as defined in the Immigration and Nationality Act. On June 3, 2015, Appellant was ordered removed from the United States by Immigration Judge Walter Durling. I.J. Durling reasoned and the Board of Immigration Appeals affirmed that the charge of Aggravated Assault was a crime of violence and therefore an aggravated felony.

On March 19, 2015, Appellant filed a Post-Conviction Relief Act[2] ("PCRA") petition with this Court. The PCRA motion alleged various claims of ineffectiveness on the part of Appellant's Trial Counsel, Attorney Konchak; specifically, but not limited to, Trial Counsel's failure to investigate Appellant's birth place and status in the United States and failure to advise Appellant of the consequences of going to trial. Specifically, the

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

consequences of being possibly deported if Appellant was found guilty at trial. On March 4, 2016, this Court denied Appellant's PCRA Motion in part and granted it in part by reinstating Appellant's appeal rights.

Appellant timely appealed the Judgment of Conviction and Sentence entered on March 20, 2014, and the PCRA Ruling entered on March 4, 2016. This Court filed an Order for Counsel to file [a] Concise Statement of Errors Complained of on Appeal on or before April 18, 2016, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b). On March 29, 2016, Appellant filed a Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule[] of Appellate Procedure 1925(b).

On March 16, 2016, the Court Reporter, Digital Recording and Interpreter Administration of the First Judicial District of Pennsylvania sent a letter to Appellant's counsel, Mr. Savino, notifying Counsel that the Court Reporter is no longer employed with their office and the notes pertaining to this case have not been located. On April 18, 2016, the Superior Court entered an Order that in light of the fact that the March 20, 2014, notes of testimony referenced in Appellant's "Motion for Emergent Remand to Trial Court and to Hold Appellate Proceedings in Ebeyonce [sic] in Order to Reconstruct Trial Record for Appeal," are unavailable, it was Ordered that the parties prepare a statement in absence of transcript with respect to the unbailable [sic] transcript. This Court is now in possession of the March 20, 2014 Notes of Testimony.

Trial court opinion, 8/19/16 at 1-3. The trial court then filed its Rule 1925(a) opinion on August 19, 2016.

At the outset, we note that in his Rule 1925(b) statement, appellant raised four claims. On appeal, appellant has abandoned three of those claims and raises the following issue for our review: "Did the PCRA court err

by partially denying appellant PCRA relief?" (Appellant's brief at 3.) Specifically, appellant claims his entitlement to PCRA relief because his trial counsel was ineffective for failing to "ascertain[] whether appellant was a United States citizen" and because "trial counsel never addressed the immigration consequences of losing at trial." (*Id.* at 12.)

By way of background, appellant filed a PCRA petition, and the trial court conducted an evidentiary hearing. Following that hearing, the trial court entered an order granting, in part, and denying, in part, appellant's PCRA petition. The trial court partially granted PCRA relief by reinstating appellant's direct-appeal rights after finding trial counsel ineffective for failing to file a direct appeal after appellant directed him to do so. (Order of court, 3/4/16; *see also* notes of testimony, 3/4/15 at 9-11.) In so doing, the trial court advised appellant that he could appeal his judgment of sentence and that part of the order denying PCRA relief to this court in a single appeal or two appeals. (*Id.* at 13-14.) Although appellant's notice of appeal to this court states that he is appealing from the March 20, 2014 judgment of sentence and the March 4, 2016 order that denied him PCRA relief, appellant chose to abandon his direct appeal claims and advance his ineffective assistance of counsel claims. Therefore, appellant takes his appeal from the March 4, 2016 order denying his PCRA petition.

We limit our review of a PCRA court's decision to examining whether the record supports the PCRA court's findings of fact and whether its

conclusions of law are free from legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations omitted). We view the PCRA court's findings and the evidence of record in a light most favorable to the prevailing party. ***Id.***

To be entitled to PCRA relief, the defendant bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2), which include ineffectiveness of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii); ***see also Mason***, 130 A.3d at 618 (citations omitted).

> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure

> to establish any prong of the [] test will defeat an ineffectiveness claim.

*Mason*, 130 A.3d at 618 (internal quotation marks and citations omitted).

Here, the record reflects that the Defender Association of Philadelphia, of which Attorney Konchak[3] is a member, was appointed to represent appellant. Attorney Konchak testified that an attorney no longer employed by the Defender Association first interviewed appellant seven days after his arrest. (Notes of testimony, 12/10/15 at 8, 12.) At the hearing, Attorney Konchak produced appellant's "write-up sheet," which is a form that the Defender Association uses to obtain biographical information during a client's initial interview. Appellant's "write-up sheet" listed "Philadelphia" as appellant's birthplace and stated that appellant had been in Philadelphia for his "lifetime." (*Id.* at 10-11.) The record further reflects that Attorney Konchak received a copy of appellant's pretrial service investigation report at the time of appellant's arraignment. (*Id.* at 22.) The report listed appellant's place of birth as Philadelphia, Pennsylvania, United States of America, as did appellant's Philadelphia police criminal history. (*Id.* at 24, 26.) Attorney Konchak further testified that appellant never told him that he was born in Brazil. (*Id.* at 28.) Attorney Konchak testified that he did not learn that appellant was born in Brazil until after appellant's conviction. (*Id.*

---

[3] The record demonstrates that Attorney Konchak has been licensed to practice law in this Commonwealth since 1976. (Notes of testimony, 12/10/15 at 21.)

at 11-12.) Counsel explained that he had no reason to consider immigration or collateral consequences prior to trial because:

> [t]o the best of [counsel's] knowledge[, appellant] lived in Philadelphia, he sounds like a Philadelphian, he looks like a Philadelphian. The [write-up sheet] indicated he was born in Philadelphia, he lived here his whole life. The court – as you see wrote the same notation on [its] paperwork at the time of his preliminary arraignment when he was arrested saying he was born in Philadelphia. I had no reason to suspect otherwise to the best of my recollection.

*Id.* at 14. Indeed, during appellant's direct examination, the following took place:

> Q. Did [Attorney Konchak] ever ask you about your citizenship or where you were born?
>
> A. No.
>
> Q. Did you ever think to mention anything to him?
>
> A. No.

*Id.* at 49.

Attorney Konchak also testified that had he known appellant was a Brazilian national, he would have attempted to negotiate the felony aggravated assault down to a simple assault to avoid deportation consequences, but he did not think that would be successful. (*Id.* at 18-19.) He also testified that had he known of appellant's immigration status, he would have considered and discussed with appellant the option of proceeding to a jury trial, as opposed to a bench trial. (*Id.* at 20-21.) The record, however, demonstrates that Attorney Konchak had no reason to

know appellant's immigration status. Therefore, the record supports the trial court's factual determination that trial counsel's failure to realize and inquire as to appellant's immigration status did not constitute ineffective assistance of counsel because trial counsel "made the best choice for his client with the information he was given." (Trial court opinion, 8/19/16 at 9.) Accordingly, because appellant is unable to establish that his ineffectiveness claim has arguable merit, it necessarily fails and renders moot appellant's claim that "trial counsel never addressed the immigration consequences of losing at trial."

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017